# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1988 | **DATE** | March 28, 2012 |
| **CASE TITLE** | Ronald Alvine (#N-42933) v. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff having "struck out" pursuant to 28 U.S.C. § 1915(g), his motion for leave to proceed *in forma pauperis* [#3] is denied. Plaintiff must pay the full statutory filing fee of $350 within fifteen days of the date of this order. Failure to pay the $350 filing fee within fifteen days will result in summary dismissal of this case. *See* Local Rule 3.3(e) (N.D. Ill).

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

Plaintiff, in state custody at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and seeks leave to proceed *in forma pauperis*. Plaintiff alleges false arrest and false imprisonment relating to his 1992 conviction. However, a review of the Court's docket reveals that Plaintiff is barred from proceeding without paying the full statutory filing fee in advance.

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

At least three of Plaintiff's previous actions, all of which were filed while he was incarcerated or detained, have been dismissed in this district on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Alvine v. DuPage County, et al.*, Case No. 00 C 2532 (N.D. Ill.) (May 12, 2000) (Andersen, J.); *Alvine v. Oneil, et al.*, Case No. 10 C 50032 (N.D. Ill.) (March 18, 2010) (Kapala, J.); and *Alvine vs. Berket*, et al.**,** Case No. 10 C 1949 (N.D. Ill.) (April 16, 2010) (Marovich, J.). Plaintiff was notified that he had struck out in *Alvine v. State of Illinois, et al,* Case No. 11 C 50184 (N.D. Ill.) (July 8, 2011) (Kapala, J.)

While Plaintiff's current complaint alleges that he is in imminent danger, his allegation is of false arrest and false imprisonment, relating to an arrest from 1992. A careful read of the complaint indicates that Plaintiff's fear of imminent danger seems to relate to continued incarceration and the possibility that he will die while incarcerated on what he alleges is an invalid conviction. To the extent that Plaintiff is alleging fear of violence
**(CONTINUED)**

AWL

**STATEMENT**

at the hands of his Illinois Department of Corrections employees, that is a separate issue that must be raised in a separate case. *George v. Smith*, 507 F.3d 605 (7th Cir. 2007.) Accordingly, 28 U.S.C. §1915(g) prevents him from proceeding without the full prepayment of the $350 filing fee.

For the foregoing reasons, the Court therefore denies Plaintiff's motion for leave to file *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). If Plaintiff fails to pay the $350 filing fee within fifteen days, the Court will enter judgment dismissing this case in its entirety. *See* Local Rule 3.3(e) (N.D. Ill).